STATE of Minnesota, Respondent,

v.

Robert Wayne BLOCK, Appellant.

No. 81-1294.

Supreme Court of Minnesota.

March 22, 1982.

C. Paul Jones, Public Defender, and James R. Peterson, Sp. Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Thomas A. Weist and Richard Osborne, Asst. County Attys., and Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

The Minnesota Legislature has provided for retrospective application of the Sentenc-ing Guidelines under certain conditions. Act of June 1, 1981, ch. 366, § 1, 1981 Minn.Laws 2355–56 (to be codified at Minn. Stat. § 590.01, subd. 3 (1982)). This appeal from district court raises the issue of the applicability of that provision to a petition-er who has already been paroled but who contends that if he were resentenced ac-cording to the Sentencing Guidelines he would be entitled to immediate release from parole. The postconviction court refused to determine whether petitioner would other-wise be entitled to resentencing because it concluded that only petitioners who had not been released from prison already could rely on the new law. We hold that the law is applicable to parolees and remand for a postconviction hearing.

Petitioner, then 18 years old, was arrest-ed on February 28, 1979, and charged with aggravated robbery for taking a purse in a struggle with a 78-year-old woman, who sustained a broken shoulder and bruised chest in the incident. Petitioner was held in jail until May 9, 1979, when he entered a negotiated guilty plea to simple robbery. On May 30, 1979, petitioner, who had at least two juvenile adjudications in Wiscon-sin for unauthorized use of a motor vehicle, was sentenced to 10 years in prison.

The Sentencing Guidelines became effec-tive on May 1, 1980, to crimes committed on or after that date. Act of Apr. 5, 1978, ch. 723, art. I, § 9, subd. 12, 1978 Minn.Laws 761, 767 (codified at Minn.Stat. § 244.09, subd. 12 (1980)). The legislation that estab-lished the Sentencing Guidelines Commis-sion provided that the Minnesota Correc-tions Board (MCB), "in its deliberations rel-ative to parole, probation, release, or other disposition of inmates" who had committed their crimes before May 1, 1980, should "take into consideration, but not be bound by, the sentencing terms embodied in the Sentencing Guidelines." *Id.*, § 8, subd. 1. However, as the state admits in its brief, "only a few prisoners received reductions from their scheduled release date to the Guidelines release date."

In 1981, the legislature enacted the fol-lowing provision:

A person who has been convicted and sentenced for a crime committed before May 1, 1980 may institute a proceeding applying for relief under this chapter upon the ground that a significant change in substantive or procedural law has occurred which, in the interest of justice, should be applied retrospectively, including re-sentencing under subsequently enacted law.

No petition seeking re-sentencing shall be granted unless the court makes specific findings of fact that release of the petitioner prior to the time he or she would be released under the sentence currently being served does not present a danger to the public and is not incompatible with the welfare of society.

Act of June 1, 1981, ch. 366, § 1, 1981 Minn.Laws 2355–56 (to be codified at Minn. Stat. § 590.01, subd. 3 (1982)). This new law took effect on August 1, 1981. *Id.* On September 23, petitioner signed his petition for resentencing. On September 28, the day before the petition was filed, petitioner was paroled.

The case came on for postconviction hearing on November 13, 1981. As indicated, the district court denied relief without addressing the issue of whether petitioner would otherwise be entitled to resentencing according to the Guidelines.

Petitioner argues on appeal that the new provision should be construed along with the other provisions of the Postconviction Remedy Act of which it is now a part, and that that Act makes postconviction relief available to any person convicted of a crime whether or not the person is on parole. *See* Minn.Stat. § 590.01, subd. 1 (1980). Second, the petitioner argues that a parolee remains in custody in a sense, and is not "released" within the meaning of the amendment until he is released from that custody. Third, petitioner argues that any other interpretation would not only be nonsensical and unfair but also a violation of the equal protection clause of the state and federal constitutions.

The premise of petitioner's argument is that if petitioner had not yet been released on parole and if the district court had resentenced him according to the Guidelines, petitioner would not have to serve any time on parole or supervised release because the Guidelines sentence would have had a duration of 23 months,[1] meaning that with full good time credit petitioner's supervised release date would have been July 24, 1980, and his sentence expiration date January 28, 1981. Petitioner argues that the effect of the denial of resentencing to parolees in his case is that he might have to remain on parole until February 13, 1986. We agree with petitioner that the Act applies equally to persons now on parole. The intent underlying the statute is to let petitioners benefit from the retrospective application of the Sentencing Guidelines if such application would not present a danger to the public and would not be inconsistent with the welfare of society. The legislature was probably thinking primarily of release from prison. However, the legislature did not, by its choice of words, foreclose the use of the remedy by parolees, and we do not believe that the state has provided us with a good reason why parolees should not be able to use the remedy.

Interpreting the amendment in conjunction with the Sentencing Guidelines, we hold that the amendment applies equally to parolees and those still incarcerated. This interpretation of the amendment avoids the equal protection issue that would be raised by following the state's approach.

Remanded for postconviction hearing.

---

1. We assume, without knowledge of the actual circumstances of the offense, that grounds for departure do not exist.