Joe Lee SMITH, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–169.

Supreme Court of Minnesota.

March 26, 1982.

Nicklaus & Monroe and Brian J. Peterson, Chaska, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Vernon E. Bergstrom, Asst. County Atty., Chief Appellate Section, Minneapolis, for respondent.

AMDAHL, Chief Justice.

Petitioner was convicted in Hennepin County District Court in 1979 of two counts of criminal sexual conduct in the first degree, Minn.Stat. §§ 609.342(d) (1980) (forced or coerced sexual penetration involving use or threatened use of a dangerous weapon) and 609.342(e) (forced or coerced sexual penetration involving infliction of personal injury), and was sentenced for the count involving use of a dangerous weapon to the maximum prison term of 1 year and 1 day to 20 years. We affirmed in *State v. Smith*, 299 N.W.2d 504 (Minn.1980), but vacated one of the two convictions pursuant to section 609.04, which forbids twice convicting a defendant of the same crime (or of a crime and a lesser-included offense) where both crimes were committed in a single behavioral incident. Petitioner now appeals from an order of the district court denying, after a hearing, a petition filed pursuant to the recent amendment to the Post Conviction Remedy Act, which provides that persons convicted of and sentenced for crimes committed before May 1, 1980, may petition the district court for postconviction relief in the form of resentencing pursuant to the Minnesota Sentencing Guidelines.[1]

Petitioner, whose target release date is some time in 1983, apparently would be entitled to immediate release if he were resentenced according to the Sentencing Guidelines and given the presumptive sentence, which is 43 months for criminal sexual conduct in the first degree (VIII) by one with his criminal history score (zero).

The statute provides that the postconviction court should not grant the petition for resentencing "unless the court makes specific findings of fact that release of the petitioner prior to the time he or she would be released under the sentence currently being served does not present a danger to the public and is not incompatible with the welfare of society." Contrary to what appellant argues, the petitioner has the burden of proving that his early release would not present a danger to the public and it would not be incompatible with the welfare of society. Minn.Stat. § 590.04, subd. 3 (1980). Here petitioner failed to meet that burden. Not only was the postconviction court unable to conclude that petitioner's early release would not present a danger to the public, but the court indicated its belief that there were aggravating circumstances present which would have justified aggravation of petitioner's sentence if the Sentencing Guidelines had been in effect at the time petitioner committed

---

1. That amendment added the following subdivision to Minn.Stat. § 590.01 (1980):

   Subd. 3. A person who has been convicted and sentenced for a crime committed before May 1, 1980 may institute a proceeding applying for relief under this chapter upon the ground that a significant change in substantive or procedural law has occurred which, in the interest of justice, should be applied retroactively, including re-sentencing under subsequently enacted law.

   No petition seeking re-sentencing shall be granted unless the court makes specific findings of fact that release of the petitioner prior to the time he or she would be released under the sentence currently being served does not present a danger to the public and is not incompatible with the welfare of society. Act of June 1, 1981, ch. 366, § 1, 1981 Minn. Laws 2355.

the offense in question. In view of petitioner's failure to prove that his early release would not present a danger to the public, we need not decide this latter point.

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.