Christopher J. PHELPS, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–223.

Supreme Court of Minnesota.

May 10, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert Carolan, County Atty., and Mark N. Lystig, Asst. County Atty., Hastings, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Christopher Phelps from an order of the Dakota County District Court denying postconviction relief in the form of resentencing according to the Sentencing Guidelines. The petition was filed pursuant to the recent amendment to the Postconviction Remedy Act providing that persons convicted of and sentenced for crimes committed before May 1, 1980, may petition the district court for postconviction relief in the form of resentencing pursuant to the Sentencing Guidelines. Minn.Stat. § 590.01 (1980), *amended by* Act of June 1, 1981, ch. 366, § 1, 1981 Minn.Laws 2355, 2356. We affirm.

Petitioner was convicted in Dakota County District Court in July 1979 of aggravated forgery, a conviction arising from his use of a credit card belonging to another person to obtain fraudulently a television set from a retail store. The trial court sentenced petitioner to 10 years in prison with the sentence to run concurrently with the consecutive terms of 5 years and 10 years that petitioner was already serving as a result of his May 1979 convictions in Hennepin County for similar offenses. The parties to this appeal agree that if petitioner had been sentenced according to the Sentencing Guidelines, his presumptive sentence for the Dakota County offense would have been an executed term of 27 months in prison, given the severity level of the offense (II) and petitioner's criminal history score (he is in the six or more category). In other words, petitioner, who as of the date of the postconviction hearing (December 1981) had served 32 months in prison, would have been entitled to immediate release. It was also agreed that, absent postconviction relief, the expiration date of the sentence for the Dakota County offense would be January 19, 1986, and that petitioner's target

date for release from prison would be April 12, 1982.

Petitioner's claim to relief was based on (a) the nature of his record, which shows that whereas petitioner was guilty of possessing a weapon illegally in 1972, his subsequent convictions have all been for nonviolent crimes; (b) his record of no offenses in prison requiring any discipline; (c) his record of college courses taken while in prison; and (d) the fact that prison officials have already demonstrated their belief that he is not dangerous by letting him out on a number of furloughs.

Under the amendment to the Postconviction Remedy Act, the prerequisite to resentencing is that the postconviction court make specific findings that the petitioner's early release would not present a danger to the public and would not be incompatible with the welfare of society. The court in the instant case stated that it was unable to conclude that petitioner's early release under the sentence would not be incompatible with the welfare of society. Given petitioner's long record, which suggests a strong disposition on his part to committing property offenses, we believe that the postconviction court was justified in concluding that petitioner's early release from prison and from custodial supervision would not be compatible with the welfare of society.

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.