**Tracy Burke STAHLBERG, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–158.**

Supreme Court of Minnesota.

May 10, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., and Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, John Dimich, County Atty., Grand Rapids, for respondent.

AMDAHL, Chief Justice.

This is an appeal from an order of the Itasca County District Court denying a petition by Tracy Burke Stahlberg for postconviction resentencing pursuant to the Minnesota Sentencing Guidelines. The petition was filed pursuant to the recent amendment to the Postconviction Remedy Act providing that persons convicted of and sentenced for crimes committed before May 1, 1980, may petition the district court for postconviction relief in the form of resentencing pursuant to the Sentencing Guidelines. Minn.Stat. § 590.01 (1980), *amended by* Act of June 1, 1981, ch. 366, § 1, 1981 Minn.Laws 2355, 2356. We affirm.

Petitioner, who is 22, seeks resentencing on four different convictions, a 1977 conviction for uttering a forged instrument, two 1978 convictions for burglary and a 1979 conviction for theft. He is serving prison terms of 10 years, 5 years, 5 years and 5 years, with the second term being consecutive to the first, the third being consecutive to the second, and the fourth being concurrent with the prior three. The expiration dates for the sentences are February 5, 1985, June 6, 1988, October 7, 1991, and December 30, 1982, respectively. His cur-

rent target release is May 28, 1983. If petitioner were resentenced to the presumptive sentences of the Sentencing Guidelines, the term of the sentences would have expired and he would be entitled to immediate discharge.

Despite the prosecution's substantial lack of opposition to resentencing, the district court, noting petitioner's long and extensive record of delinquent and criminal activity, that the last three sentences were imposed for acts committed while petitioner was on parole after the 1977 conviction and the petitioner's appalling record of violations of prison rules and regulations while an inmate, denied the petition for resentencing.

Petitioner, who had the burden of proving that his early release from the sentence would not present a danger to the public nor be incompatible with the welfare of society, *Smith v. State*, 317 N.W.2d 366 (Minn.1982), did not dispute the existence of the reasons given by the trial court for denying the petition, but asserts that such reasons are not proper considerations for denying the requested relief. We, as did the trial court, reject such an assertion. The petitioner's past and present conduct are relevant factors in a prognostication of future conduct.

Petitioner's primary basis for resentencing was a letter offered and received in evidence from a clinical psychologist who had met with petitioner weekly for a period of 1 and ½ years while serving as a psychologist at the Minnesota State Reformatory until sometime in 1979. A portion of the assessment by the psychologist supports the trial court's conclusion in that it states:

He has become increasingly embittered and less introspective during the last several months. It is my opinion that additional incarceration would undoubtedly be accompanied by a continuation of this trend. I further feel that, as he serves additional time, he is being incarcerated not so much for his commitment offenses as for his attitude and institutional behavior. While the latter are undeniably poor and will lead to difficulties following his release, they are merely being exacer-

bated by confinement and tend to disguise the real issues Tracy needs to face.

We conclude that petitioner has failed to meet the burden of proof required to support his petition for resentencing and the district court properly denied the petition.

Affirmed.