**STATE of Minnesota, Respondent,**

v.

**Renee Rebecca KEMPSON, Appellant.**

**No. 82–368.**

Supreme Court of Minnesota.

May 10, 1982.

Douglas W. Thomson Law Firm, St. Paul, for appellant.

R. Kathleen Morris, County Atty., and Patricia M. Buss, Asst. County Atty., Shakopee, Warren Spannaus, Atty. Gen., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Renee Rebecca Kempson from an order of the Scott County District Court denying her petition for post-conviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines from her 15-year prison sentence for her 1978 conviction of selling heroin. The petition was filed pursuant to the

recent amendment to the Postconviction Remedy Act providing that persons convicted of and sentenced for crimes committed before May 1, 1980, may petition the district court for postconviction relief in the form of resentencing pursuant to the Sentencing Guidelines. Minn.Stat. § 590.01 (1980), *amended by* Act of June 1, 1981, ch. 366, § 1, 1981 Minn.Laws, 2355, 2356. We affirm.

Petitioner, who is now 24, was originally given a stay of imposition of sentence. If the Sentencing Guidelines had been applicable then, the presumptive sentence, given the severity level of the offense (VI) and petitioner's criminal history score (zero), would have been either a stay of imposition of sentence or a sentence of 21 months with a stay of execution. Approximately a year later petitioner appeared in Ramsey County District Court and pleaded guilty to a charge of theft by fraud resulting from her fraudulent sale to undercover drug agents of sugar cubes which she had misrepresented to be cocaine. Although petitioner received a stayed sentence for the offense, her probation for the earlier offense was revoked and she was sentenced to an executed term of 15 years in prison.

Pursuant to the Minnesota Corrections Board's matrix, petitioner apparently would have had to serve 18 to 24 months in prison, with her target release date being March 10, 1982. However, pursuant to a recomputation by the Board of her release date on the basis of what her presumptive sentence length would have been, minus time off for good behavior, petitioner was released to a treatment program in Minneapolis on June 7, 1981.

By seeking resentencing according to the Sentencing Guidelines, petitioner in effect seeks to be immediately released from the jurisdiction of the Corrections Board. If she is not resentenced, then petitioner will remain subject to the jurisdiction of the Board or its successor until the expiration of her 15-year term or until the board discharges her.

■■ The fact that petitioner is now on parole does not prevent her from seeking resentencing in a postconviction proceeding under the amendment. *State v. Block*, 316 N.W.2d 922 (Minn.1982). However, before she could obtain resentencing, petitioner had to prove that her early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. *Smith v. State*, 317 N.W. 366 (Minn.1982). Petitioner waived her right to be present at the sentencing hearing and no witnesses were called on her behalf. No evidence was offered to support her petition for resentencing. The district court concluded that she failed to meet her burden of proof. We agree, and on that ground affirm the denial of postconviction relief.

Petitioner remains subject to the jurisdiction of the Corrections Board or its successor.

Affirmed.