**STATE of Minnesota, Respondent,**

v.

**Randall J. MITCHELL, petitioner, Appellant.**

No. 82–55.

Supreme Court of Minnesota.

May 11, 1982.

---

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Vernon E. Bergstrom, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Randall Joseph Mitchell from an order of the Hennepin County District Court denying his petition for resentencing according to the Sentencing Guidelines in connection with his 1977 conviction for aggravated robbery. Petitioner received a limited 10-year prison term that is apparently due to expire on October 28, 1983. The petition was filed pursuant to the recent amendment to Minn. Stat. § 590.01 (1980), which authorizes the resentencing of persons convicted of offenses occurring before May 1, 1980, who can establish that their early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. Act of June 1, 1981, ch. 366, § 1, 1981 Minn.Laws 2355, 2356; see *Smith v. State*, 317 N.W.2d 366 (Minn.

1982); *State v. Block*, 316 N.W.2d 922 (Minn.1982). The district court denied the petition and we affirm.

Petitioner, who is 30 years old and has a longstanding chemical dependency problem, was convicted in 1973 of aggravated robbery and was given a stayed 5-year prison term. He participated in a treatment program but eventually resumed taking drugs. In 1976 he committed the aggravated robbery for which he now seeks to be resentenced. Pursuant to plea negotiations, petitioner pleaded guilty and received a limited 10-year term, to be served concurrently with the prior term for which probation was revoked. In 1978 petitioner was released on parole but again resumed taking drugs and again resorted to crime to support his habit, using a toy pistol to rob another drugstore approximately 2 weeks after his release. Petitioner was convicted of simple robbery, received another concurrent 10-year prison term, and was returned to prison.

As we stated in *Stahlberg v. State*, 319 N.W.2d 12 (Minn.1982), the petitioner's "past and present conduct are relevant factors in a prognostication" of whether his early release from sentence will present a danger to the public or will be incompatible with the welfare of society. Here, petitioner's long history of drug dependency, his record of committing violent crimes in order to satisfy his habit, and his prior failures on probation and on parole all suggest that the early release of petitioner from his 1977 sentence would present a danger to the public and would be incompatible with the welfare of society. Petitioner, who had the burden of proof, produced no evidence to support his contention that his early release would not present a danger to the public and would not be incompatible with the welfare of society. Under the circumstances, the postconviction court properly denied the petition for resentencing.

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.