**James I. POSZ, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–199.

Supreme Court of Minnesota.

May 27, 1982.

C. Paul Jones, Public Defender, and Carolyn F. Tucker, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, Thomas A. Weist and Richard Osborne, Asst. County Attys., and Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 22, was convicted in Hennepin County District Court in 1979 of burglary, Minn.Stat. § 609.58, subd. 2(3) (1980), for his participation in the burglary of a house and the theft of a large number of guns and other items of personal property. The trial court sentenced petitioner to 5 years in prison, with the sentence to run concurrently with prior sentences. Petitioner's target release date is July 14, 1982, and his sentence expiration date is November 16, 1982.

Petitioner's criminal history score at the time of sentencing for the offense in question would have been four, based on one point for two juvenile adjudications, one custody status point, and two prior felonies. The offense in question is a severity level IV offense. The presumptive sentence for this offense by one with a criminal history score of four is an executed term of 25 months in prison. If petitioner were resentenced to the presumptive term, he would be entitled to immediate release from sentence.

Given petitioner's record of recidivism, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. *Stahlberg v. State*, 319 N.W.2d 12 (Minn., 1982); *Phelps v. State*, 319 N.W.2d 16 (Minn., 1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.