**Dennis Marlowe HANSON, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–206.**

Supreme Court of Minnesota.

May 28, 1982.

C. Paul Jones, Public Defender, and Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, Thomas A. Weist, Richard Osborne, and William Neiman, Asst. County Attys., and Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Dennis Marlowe Hanson, age 44, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines. His petition was filed pursuant to the amendment to the Postconviction Remedy Act providing that persons convicted of and sentenced for crimes committed before May 1, 1980, may be resentenced according to the Sentencing Guidelines if they can establish that their early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. Minn.Stat. § 590.01, subd. 3 (Supp. 1981). The district court ruled that petitioner failed to establish that his early release would not present a danger to the public and would not be incompatible with the welfare of society. We affirm.

Petitioner was convicted in Hennepin County District Court in February 1980 of burglary, Minn.Stat. § 609.58, subd. 2(3) (1980), and was sentenced to a 5-year prison

term to run concurrently with petitioner's 20-year sentence for his 1973 conviction of burglary with a tool, on which parole was revoked. The 1980 conviction was petitioner's sixth felony conviction, all of which have been for property offenses.

The expiration date for the sentence for the 1980 conviction is May 28, 1983, but petitioner is not scheduled to be released until October 22, 1983, because of his 20-year sentence imposed in 1973.

Petitioner's criminal history score if he were to be resentenced for the 1980 conviction would be six (five felony points and one custody status point). The presumptive sentence for burglary under section 609.58, subd. 2(3), which is a severity level IV offense, by a person with this criminal history score is 41 months in prison.

The postconviction court declined to resentence petitioner for the 1980 conviction because it concluded that petitioner had failed to meet his burden of proving that his early release would not present a danger to the public and would not be incompatible with the welfare of society. Given petitioner's record of recidivism, we affirm the district court's decision. *See Stahlberg v. State*, 319 N.W.2d 12 (Minn., 1982); *Phelps v. State*, 319 N.W.2d 16 (Minn., 1982).

Affirmed.