**STATE of Minnesota, Respondent,**

v.

**Paul Walter BOMAN, Appellant.**

**No. 82–324.**

Supreme Court of Minnesota.

May 28, 1982.

Douglas W. Thomson and Paul Engh, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, David Olin, County Atty., Timothy R. Faver, Asst. County Atty., Thief River Falls, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Paul Walter Boman from an order of the Pennington County District Court denying his petition for resentencing according to the Minnesota Sentencing Guidelines. He was convicted on February 4, 1980, of first-degree manslaughter, Minn.Stat. § 609.20(2) (1978), and received a maximum indeterminate 15-year prison term. The petition was filed pursuant to the recent amendment to Minn. Stat. § 590.01 (1980) authorizing the resentencing of persons convicted of offenses occurring before May 1, 1980, who can establish that their early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. Minn.Stat. § 590.01, subd. 3 (Supp.1981); *Smith v. State*, 317 N.W.2d 366 (Minn.1982); *State v. Block*, 316 N.W.2d 922 (Minn.1982). The district court denied the petition and we affirm.

The conviction resulted from petitioner's 1979 killing of a friend of his former wife with a 12-gauge shotgun. Tried on a charge of first-degree murder, petitioner was found guilty by a district court jury of the lesser offense of first-degree manslaughter under Minn.Stat. § 609.20(2) (1978) (causing the death of a person in committing or attempting to commit a crime with such force and violence that death or great bodily harm is reasonably foreseeable).

Petitioner, who is now 27 years old, expects to be released from prison on June 6, 1982. His sentence is apparently due to expire on September 28, 1989.

The Minnesota Sentencing Guidelines designate first-degree manslaughter as a severity level VIII offense. Petitioner had a criminal history score of zero. The presumptive guidelines sentence upon conviction of such an offense by one with a criminal history score of zero is an executed prison term of 43 months. If the postconviction court had resentenced petitioner to the presumptive term, petitioner apparently would have been entitled to supervised release from prison starting January 20 of this year and his release from sentence would come some time next year.

In refusing to resentence petitioner according to the Guidelines, the district court alluded to this court's decision in *State v. Adams*, 295 N.W.2d 527 (Minn.1980), filed after the trial in this case, in which we held that where, as here, the underlying felony is a crime against the person, a lesser-included offense instruction on first-degree manslaughter under section 609.20(2) is not appropriate. The postconviction court implied that if petitioner's trial had been conducted subsequent to the *Adams* case, petitioner probably would have been found guilty of felony murder, which then was classified as third-degree murder under section 609.195 and now is classified as second-degree murder under section 609.19.[1] Although concluding that petitioner's early release would not present a danger to the public, the court was unable to find, under the circumstances, that petitioner's early release would not be incompatible with the welfare of society.

A petitioner seeking resentencing under chapter 590 has the burden of proof, *Smith v. State*, 317 N.W.2d 366 (Minn.1982), and "the petitioner's past and present conduct are relevant factors" in a determination of whether the petitioner's early release will present a danger to the public or be incompatible with the welfare of society, *Stahlberg v. State*, 319 N.W.2d 12 (Minn., 1982). As we stated in *State v. Champion*,

1. *See* Act of May 19, 1981, ch. 227, §§ 10–11, 1981 Minn.Laws 1010. In section 12 of the same act the legislature clarified section 609.- 20(2) to reflect our interpretation of it in the *Adams* case.

319 N.W.2d 21 (Minn., filed May 11, 1982), "[W]e generally will not interfere with the postconviction court's refusal to make the finding which is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Here petitioner is serving a sentence for a violent offense. The court was satisfied that petitioner's early release under the sentence would not present a danger to the public, but the court was unable to find that petitioner's early release would not be incompatible with the welfare of society. Under the circumstances, we conclude that the court's refusal to resentence petitioner must be affirmed.

Petitioner remains subject to the jurisdiction of the Minnesota Correction Board or its successor.

Affirmed.

