Charles E. STEPHENSON,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–205.

Supreme Court of Minnesota.

June 10, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, Thomas A. Weist, Rick Osborne and William Neiman, Asst. County Attys., and Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 39, was convicted in Hennepin County District Court in 1979 of aggravated forgery-uttering and was sentenced to a 10-year prison term. Petitioner was recently paroled to a federal detainer and is now incarcerated in federal prison in Kansas. His current sentence expiration date for the theft sentence is May 2, 1986.

Petitioner's criminal history score at the time of sentencing for the offense in question would have been six or more, which is the maximum on the matrix. The offense in question is a severity level II offense. The presumptive sentence for this offense by one with a criminal history score of six or more is an executed prison term of 27 months. The effect of resentencing petitioner to the presumptive term would be to discharge him from the sentence for the 1979 forgery conviction.

Given petitioner's record of recidivism, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. *Stahlberg v. State,* 319 N.W.2d 12 (Minn., 1982); *Phelps v. State,* 319 N.W.2d 16 (Minn., 1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.