**STATE of Minnesota, Respondent,**

v.

**Gregory W. ROOT, Appellant.**

**No. 82–344.**

Supreme Court of Minnesota.

June 10, 1982.

C. Paul Jones, Public Defender and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan Mitchell, County Atty., and Mark S. Rubin, Asst. County Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing under the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 22, was convicted in St. Louis County District Court in 1980 of theft, Minn.Stat. § 609.52, subd. 2(1) (1980), for taking a motorcycle valued at over $2,500 on April 19, 1980. The trial court sentenced petitioner to 10 years in prison, with the sentence to run concurrently with any prior sentences. Petitioner was released on February 1, 1982, and his sentence expiration date is January 4, 1987.

Because petitioner committed the offense before May 1, 1980, the Sentencing Guidelines did not apply. Petitioner's criminal history score at the time of sentencing would have been three if the Guidelines had been applicable, based on two points for prior felony convictions and one point for his custodial status at the time of the offense. The theft offense is a severity level IV offense. The presumptive sentence for such an offense by one with a criminal history score of three is 21 months stayed.

Given petitioner's record of recidivism, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not be incompatible with the welfare of society. *Stahlberg v. State*, 319 N.W.2d 12 (Minn. 1982); *Phelps v. State*, 319 N.W.2d 16 (Minn.1982). Because petitioner failed to prove that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society, the postconviction court was not obliged to resentence petitioner according to the Sentencing Guidelines.

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.