Gregory Morton PAYNE, petitioner, Appellant

v.

STATE of Minnesota, Respondent.

No. 82–375.

Supreme Court of Minnesota.

June 28, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for petitioner, appellant.

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal from a denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 32, was convicted in Ramsey County District Court in October 1976 of uttering a forged check, Minn.Stat. § 609.625, subd. 3 (1980), and was sentenced to a 10-year prison term to run consecutively to a previously imposed 5-year term for another forgery offense. Petitioner was paroled in 1978, but parole was revoked following another check offense committed in 1981. Petitioner is scheduled to be released from prison in December 1982, and his sentence expiration date for the 1976 conviction is October 1986.

Petitioner's criminal history score at the time of sentencing in 1976 would have been five. The offense is a severity level II offense. The presumptive sentence for such an offense by one with a criminal history score of five is 23 months stayed.

The effect of resentencing petitioner for the 1976 offense would not be to hasten his release from prison. Resentenced or not, he will be released in December 1982, which is the current target release date not just for the 1976 conviction but also for the 1981 conviction, for which petitioner is serving a 25-month guidelines sentence. However, if he is resentenced, petitioner will have to serve less time on supervised release. If he is resentenced to the presumptive term for the 1976 conviction, then that sentence will have expired and petitioner will be on supervised release only until October 1983, when the 1981 guidelines sentence expires. On the other hand, if he is not resentenced, petitioner will remain subject to the jurisdiction of the Minnesota Corrections Board or its successor until October 1986, when the 1976 sentence expires.

Given petitioner's record of recidivism, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. *Stahlberg v. State*, 319 N.W.2d 12 (Minn.1982); *Phelps v. State*, 319 N.W.2d 16 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.