STATE of Minnesota, Respondent,

v.

Robert Archie KUNSHIER, Appellant.

Nos. 82–345, 82–346.

Supreme Court of Minnesota.

June 29, 1982.

C. Paul Jones, Public Defender, and Carolyn F. Tucker, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 24, was convicted in Ramsey County District Court in 1980 of kidnapping, Minn.Stat. § 609.25, subds. 1(2) and 2(1) (1980), and was sentenced to a limited 10-year instead of a 20-year prison term. The conviction was based on a negotiated guilty plea, pursuant to which five other counts (four counts of criminal sexual conduct in the first degree and one count of kidnapping) were dismissed. The charges were based on two separate incidents involving the kidnapping and raping of young women. The target release date and the sentence expiration date apparently are the same, August 17, 1986.

Petitioner's criminal history score at the time of sentencing for the offense in question would have been three, based on one custody status point and two felony points. The kidnapping offense in question is a severity level VI offense. The presumptive sentence for this offense by one with a criminal history score of three is 34 months in prison.

Petitioner seeks resentencing to the presumptive term of 34 months, but concedes that a departure in the form of a doubling of the presumptive term would have been justified. Failing resentencing to a 34-month or 68-month term, he seeks resentencing to a 76-month term, which would have been the presumptive term if he had been convicted of criminal sexual conduct in the first degree.

As a prerequisite to resentencing, petitioner had to prove that his early release from the sentence would not present a danger to the public and would not be incompatible with the welfare of society. Given the violent nature of the offense, petitioner's prior history of sexual deviancy, and his failure to cooperate in treatment

programs designed to deal with that deviancy, we conclude that the postconviction court properly refused to find that petitioner's early release from the sentences would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.