**David WARD, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–843.

Supreme Court of Minnesota.

Sept. 30, 1982.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, The New Law School, Univ. of Minn., Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan Mitchell, County Atty., and Mark S. Rubin, Asst. County Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

This is an appeal by David James Ward, age 24, from an order of the St. Louis County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1979, while on probation, petitioner and an accomplice were in the process of burglarizing a building when the accomplice was shot and fatally wounded by a person inside the building. Petitioner subsequently pleaded guilty to burglary with a tool and was sentenced to 20 years in prison. He was released on parole in August of 1981. His sentence will expire in October of 1992.

Burglary with a tool is a severity level IV offense. If the Sentencing Guidelines had been in effect at the time of the offense, petitioner would have had a criminal history score of two at the time of sentencing. The presumptive sentence for this offense by a person with that criminal history score is a stayed term of 18 months. If petitioner were resentenced to the presumptive term, he would be entitled to immediate discharge from sentence.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding

that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." The offense in question was petitioner's second felony conviction. Since being released from prison petitioner has been convicted of the gross misdemeanor offense of possession of a pistol without a permit and the misdemeanor offense of disorderly conduct. Petitioner is presently serving a 6-month term for the gross misdemeanor offense. Petitioner had the burden of overcoming the negative factors and establishing that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet that burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.