**Russell R. BROWN, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–407.

Supreme Court of Minnesota.

Oct. 6, 1982.

C. Paul Jones, Public Defender, and Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, Thomas A. Weist, Rick Osborne, Beverly J. Wolfe and William Neiman, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Russell Robert Brown, age 20, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On September 24, 1979, petitioner, then age 17, stabbed another person with a knife

during an argument over the use of a common hallway in an apartment building. Petitioner was subsequently certified for prosecution as an adult and pleaded guilty to a charge of assault in the second degree, Minn.Stat. § 609.222 (1980). The trial court sentenced petitioner to 5 years in prison, but stayed execution of sentence and placed petitioner on probation on condition that he spend 1 year in jail and participate in the Hope Transition Program. Petitioner's participation in that program was terminated after he engaged in physically aggressive behavior toward two residents and verbally threatened a staff person. Thereafter, petitioner's probation was revoked. Petitioner's current target release date is December 29, 1982, and his sentence expiration date is April 11, 1983.

If the Sentencing Guidelines had been in effect at the time the offense was committed, petitioner's criminal history score at the time of sentencing would have been zero. Assault in the second degree is a severity level VI offense. The presumptive sentence for this offense is 21 months stayed. If petitioner were resentenced to a term of 21 months in prison, he would be entitled to release from prison and immediate discharge from sentence.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is serving a sentence for a violent offense. He also engaged in conduct of a threatening and violent nature during his participation in the Hope Transition Program, and he has thus far lost a total of 27 days of good time while in prison. Petitioner had the burden of overcoming these factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court properly concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.