**Dennis Marlowe HANSON,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–619.**

Supreme Court of Minnesota.

Oct. 22, 1982.

C. Paul Jones, Public Defender, and Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Dennis Marlowe Hanson, age 44, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of

resentencing according to the Minnesota Sentencing Guidelines. We affirm.

This is petitioner's second appeal from an order denying postconviction relief in the form of resentencing according to the Sentencing Guidelines. His first appeal, from an order of the Hennepin County District Court denying his petition for resentencing in connection with a February 1980 conviction of burglary, was affirmed in *Hanson v. State,* 320 N.W.2d 76 (Minn.1982). This appeal concerns petitioner's 1973 conviction in Ramsey County of burglary with a tool, for which petitioner received a 20-year prison term. Petitioner has been paroled three times while serving the 1973 sentence and has violated parole each time, two times by committing a new offense. Petitioner has a total of six felony convictions.

Petitioner's current target release date is October of 1983. His 1973 sentence is scheduled to expire in October of 1986.

Burglary with tool is a severity level IV offense. If the Sentencing Guidelines had been in effect at the time of the offense in 1973, petitioner's criminal history score would have been three. The presumptive term for that offense by a person with a criminal history score of three is 21 months stayed, but petitioner admits that execution of sentence would have been proper. If petitioner were resentenced to the presumptive term, he would be entitled to immediate discharge from sentence in connection with the 1973 conviction.

Petitioner had the burden of proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. Given petitioner's record of recidivism, we affirm the district court's decision. *Hanson v. State,* 320 N.W.2d 76 (Minn. 1982); *State v. Champion,* 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.