Kenneth Alfred THIELE, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–668.

Supreme Court of Minnesota.

Nov. 12, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, R. Kathleen Morris, County Atty., and Patricia M. Buss, Asst. County Atty., Shakopee, for respondent.

TODD, Justice.

This is an appeal by Kenneth Alfred Thiele, age 41, from an order of the Scott County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1979 petitioner pleaded guilty to a charge of theft of $200 from the rectory of a church at Belle Plain. The trial court stayed imposition of sentence and placed petitioner on probation for up to 5 years on condition that petitioner serve 11 months in jail and that he participate in any chemical dependency treatment recommended. After 5 months in jail, petitioner was furloughed to a chemical dependency treatment program. When petitioner quit this program, the trial court revoked the stay of imposition of sentence and imposed a 5-year prison term. However, the trial court stayed execution of the prison sentence and again placed petitioner on probation on condition that he serve the time remaining on the probationary jail term. In June of 1981 petitioner absconded from probation and was not arrested until 3 months later. In October of 1981 the trial court revoked the stay of execution of sentence and sent petitioner to prison to begin serving the 5-year prison term.

Petitioner was originally scheduled to be released from prison on May 8, 1982, but petitioner was not released on that date because he refused to enter a chemical dependency treatment program as a condition of his release. It appears that petitioner was later given a September 1 release date after he finally agreed to participate in a chemical dependency treatment program as a condition of his release. Petitioner's sentence will not expire until February of 1985.

The theft conviction is a severity level III offense. If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been zero.[1] The presumptive sentence for a severity level III offense when committed by a person with a criminal history score of zero is 1 year and 1 day stayed. If petitioner were resentenced to the presumptive sentence he would be entitled to immediate discharge from sentence.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." This does not mean that we necessarily will interfere whenever the offense in question is not a violent offense and the petitioner does not have a record of recidivism. In this case petitioner twice failed on probation and he has shown a reluctance to participate in treatment for his chemical dependency problem. Continued supervision of petitioner and the threat of revocation of his parole will help insure that petitioner participates in such a program. Under the circumstances of this case, petitioner had the burden of establishing that his early release from sentence without participating in such a program would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.

---

1. Although petitioner has a long record of misdemeanor convictions, those convictions could not be used in computing the criminal history score because a period of 5 years had elapsed since the date of discharge from or expiration of the sentences for all of those convictions. Minnesota Sentencing Guidelines and Commentary, II.B.3.c. (1982).