**STATE of Minnesota, Respondent,**

v.

**Douglas Allen DAHMS, Appellant.**

**No. 82–227.**

Supreme Court of Minnesota.

Dec. 30, 1982.

Douglas W. Thomson Law Firm and Paul C. Engh, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., Norman B. Coleman, Jr., and Janet Newberg Anderson, Sp. Asst. Attys. Gen., St. Paul, Arvid Wendland, County Atty., Blue Earth, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Douglas Allen Dahms, age 34, from an order of the district court denying his petition for postconviction relief in the form of resentencing under the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner was found guilty by a district court jury of six counts of receiving stolen property, twelve counts of possessing or

selling property with an altered or removed serial number, and two counts of theft for transferring the owner's property without consent. Minn.Stat. § 609.52, subd. 2(1), (11) (1980). The trial court sentenced petitioner to a limited maximum term of 5 years in prison. Minn.Stat. §§ 609.52, subd. 3(2), 609.53, subd. 1(1) (1980). In *State v. Dahms*, 310 N.W.2d 479 (Minn.1981), we reversed four of the convictions, reduced one, affirmed the others, and remanded for resentencing. The trial court on remand reimposed the original 5-year term. Thereafter, petitioner filed a petition pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981) for resentencing according to the Minnesota Sentencing Guidelines. That petition was denied because the district court was unable to find that petitioner's early release from sentence would not be incompatible with the welfare of society. This appeal followed.

The most severe of the offenses of which petitioner was convicted is a severity level III offense under the Guidelines. If the Guidelines had been in effect at the time the crimes were committed, petitioner's criminal history score at the time he was sentenced for all of the offenses would have been zero. The presumptive sentence for a severity level III offense by a person with a criminal history score of zero is 1 year and 1 day stayed. Petitioner has been released from prison. The effect of resentencing him to the presumptive sentence would be to discharge him from supervision immediately.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." In *Thiele v. State*, 326 N.W.2d 13, 14 (Minn. 1982), we stated that "This does not mean that we necessarily will interfere whenever the offense in question is not a violent offense and the petitioner does not have a record of recidivism."

Petitioner not only took a large amount of money from other people by his crimes but committed the crimes with sophistication over a long period of time and against a large number of victims. These same factors, which could have been used to support a departure if the Sentencing Guidelines had been in effect, justify the district court's refusal to find that petitioner's early release from sentence would not be incompatible with the welfare of society.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.