**Joseph Frank WHITE,**
**Petitioner, Respondent,**

v.

**STATE of Minnesota, Appellant.**

**No. C6–86–999.**

Court of Appeals of Minnesota.

Feb. 3, 1987.

Review Denied March 25, 1987.

Kimball D. Mattson, Larry A. Kimball, Finn & Mattson, Walker, for respondent.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Earl E. Maus, Cass Co. Atty., Jodie A. Metcalf, Asst. Cass Co. Atty., Walker, for appellant.

Heard, considered, and decided by LESLIE, P.J., and FOLEY and RANDALL, JJ.

## OPINION

FOLEY, Judge.

This appeal is from an order granting post-conviction relief to respondent Joseph White. After holding Minn.Stat. § 590.01, subd. 3 (1984) unconstitutional, the post-conviction court resentenced White, even though it was expressly unable to make the requisite statutory findings that White's early release would not present a danger to the public and would not be incompatible with the welfare of society. Appellant State of Minnesota challenges the court's actions and appeals pursuant to Minn.Stat. § 590.06 (1984). We reverse.

## FACTS

On April 19, 1980, White kidnapped two juvenile females and held them in his vehicle for several hours until they escaped. While out on bail, he allegedly committed another assault with a knife.

On August 25, 1980, White entered a plea of guilty to kidnapping in violation of Minn.Stat. § 609.25, subd. 1(3) (1978). In exchange for his plea, the State agreed to dismiss nine other counts arising out of the kidnapping incident and to dismiss the complaint issued in connection with the assault White allegedly committed while out on bail. In September 1980, White was sentenced to zero to 40 years, the indeterminate sentence for the kidnapping offense. After review of his case by the Minnesota Corrections Board in May 1981, White was removed from the matrix and assigned expiration of his sentence, with a target release date in 2007; had he been sentenced under the guidelines, White would have originally received a presumptive sentence of only 41 months in prison.

White filed this petition for post-conviction relief in February 1986, seeking resentencing. A hearing was held in May 1986 at which White testified and evidence was presented. At the close of the evidence, the post-conviction court issued its decision orally on the record; that decision was reduced to writing in a "Post Conviction Relief Order" dated May 23, 1986.

In that order, the court stated that it was "unable to make a specific Finding of Fact, as required by [Minn.Stat. § 590.01, subd. 3], that the release of the petitioner prior to his release under the sentence currently being served would not present a danger to the public and would not be incompatible with the welfare of society." The court nevertheless resentenced White to a determinate sentence of 150 months, "27 months more than a triple upward durational departure" under the guidelines, because in its opinion "the heavy burden being placed upon this defendant in comparison with people who have been and are being sentenced [under the guidelines] for crimes as severe as second degree murder, does not pass constitutional muster." The State appeals.

## ISSUES

1. Does the evidence support the post-conviction court's conclusion that White failed to demonstrate that his early release would not present a danger to the public and would not be incompatible with the welfare of society?

2. Is Minn.Stat. § 590.01, subd. 3 (1984) unconstitutional as applied to White because it denies him equal protection of the law?

## ANALYSIS

### I

Minn.Stat. § 590.01 (1984) provides:

Subd. 3. A person who has been convicted and sentenced for a crime committed before May 1, 1980 may institute a proceeding applying for relief under this chapter upon the ground that a significant change in substantive or procedural law has occurred which, in the interest of justice, would be applied retrospectively, including re-sentencing under subsequently enacted law.

No petition seeking re-sentencing shall be granted unless the court makes specific findings of fact that release of the petitioner prior to the time he or she would be released under the sentence currently being served does not present a danger to the public and is not incompatible with the welfare of society.

*Id.*

■ A petitioner seeking resentencing under this statute has the burden of proof. *Smith v. State,* 317 N.W.2d 366, 367 (Minn. 1982). In determining whether a petitioner meets this burden, a post-conviction court may consider the circumstances of the offense underlying the conviction along with other factors including the petitioner's criminal record and/or recidivism, and his behavior in prison. *State v. Boman,* 320 N.W.2d 77, 78–79 (Minn.1982); *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982); *Stahlberg v. State,* 319 N.W.2d 12, 13 (Minn.1982).

The evidence in this case shows that White has a long criminal history of violent crimes dating back to 1972. He pleaded guilty to the current offense after admitting that he kidnapped two juvenile females, forced them to undress, sexually assaulted both, and threatened to kill them and himself. The juveniles were able to escape after several hours only by running naked from White's car.

At the post-conviction hearing, White testified that while in prison he has participated in a sexual offender treatment program and has been attending Alcoholics Anonymous meetings for the past 18 months. He further testified that he has completed his GED and has been accepted at three Minnesota colleges. White also submitted documentary evidence, however, which showed that he has committed two assaults while in prison, the most recent in May 1985, and that as of June 1985 prison staff were still concerned about his response to situations in which he believed he was emotionally or physically threatened. The State submitted a psychological report dated October 1984, which stated that White "acts usually in gentle, non-violent ways, but feels competitive and aggressive at deeper levels" and that an "[o]utburst of pugnacity would not be surprising."

■ Based on the evidence submitted, the post-conviction court concluded that it was "unable to make" the requisite findings that White's release would not present a danger to the public and would not be incompatible with the welfare of society. This conclusion is amply supported by the evidence, most of which White introduced. White therefore has not met his burden, and his failure to do so precludes resentencing under Minn.Stat. § 590.01, subd. 3.

White argues that at the very least, the matter should be remanded. We disagree. White was given ample opportunity to present evidence at the first hearing, and remand for another hearing would serve no purpose.

## II

In spite of its inability to make the requisite statutory findings, the trial court nevertheless resentenced White because it found that the burden placed on him by the statute denied him equal protection of the law and was unconstitutional.

Criminal statutes must not prescribe different punishments " 'for the same acts committed under the same circumstances by persons in like situation.' " *State v. Witt*, 310 Minn. 211, 215, 245 N.W.2d 612, 616 (1976) (quoting 16A C.J.S., Constitutional Law, § 564). The crime for which White was sentenced was committed 12 days before May 1, 1980, the day the guidelines became effective. White argues that the burden placed on him to justify resentencing under the guidelines creates a sentencing disparity between himself and a person committing the same crime after May 1, 1980, resulting in a denial of equal protection.

A similar argument was made in the recent case of *Bettin v. State*, 396 N.W.2d 249 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Dec. 17, 1986). In *Bettin*, the petitioner argued that he had been denied equal protection because he was required to serve a longer sentence under the determinate sentencing scheme than he would have served under the guidelines. In rejecting the petitioner's argument, this court noted that the petitioner's "proposed 'classes' for equal protection analysis receive disparate sentences, but the sentences were imposed on each pursuant to the lawful statutes effective at the time of sentencing" and that "[t]he appropriate analytical focus should not be the different sentences, but whether each group receives [disparate] treatment in the area of early release." *Id.* at 251–52.

In this case, White has not been treated differently than an individual who has been sentenced under the guidelines. Both have the same burden and must meet the same criteria for resentencing under Minn.Stat. § 590.01, subd. 3. Nor is it a denial of equal protection to impose upon

him a sentence which is longer under the determinate sentencing scheme than under the guidelines. In *Bettin*, this court concluded that a rational basis existed for the different sentencing schemes and that "[t]o hold otherwise would impermissibly deny to the legislature the power to ever *increase* sentences." *Id.* at 253 (emphasis in original).

## DECISION

The post-conviction court erred in resentencing White when he failed to show that his early release would not be a danger to the public and not be incompatible with the welfare of society. The court's decision resentencing White is therefore reversed and the prior sentence is reinstated.

Reversed and prior sentence reinstated.

RANDALL, Judge, concurring specially.

I concur with the majority that Minn. Stat. § 590.01, subd. 3, is clear and requires certain specific findings of fact by the trial court before appellant may be resentenced to a shorter sentence. However, once finding that, I would have remanded to the trial court with directions to conduct another hearing and to allow both sides to present any additional evidence they may deem appropriate because of our decision.

The majority indicates that appellant was given an opportunity to present whatever evidence he felt appropriate at the first hearing. That may be, but in light of the trial court's careful reasoning in its order as to why it felt appellant was entitled to be resentenced, even though a certain specific finding could not be made, I deem it appropriate to allow the trial court to try once more to consider appellant's petition now that we have made it clear that, at least until changed, the present wording of Minn.Stat. 590.01 is controlling.

The trial court correctly pointed out that its resentencing to a determinative sentence of 150 months gave full recognition

to the gravity of the offense.[1] The trial court felt, for several reasons, that, once the severity of the offense was recognized, it was not essential, at least in this case, that the court make a finding that the petitioner, down the road, would not "present a danger to the public." The trial court indicated that no one could see several years down the road and predict what a person would or wouldn't do, and then pointed out that no similar burden is placed on a defendant whose time for release has come. After you have served your full sentence, you are entitled to be released, and there does not have to be a specific finding that in the future you will be a good person and not be a danger to anybody. The general sentencing statutes simply require you to serve your full time and then you get out.

However, this resentencing statute is clear, not ambiguous, and any disagreement with it or proposed changes will have to come through the legislative process and cannot be done by judicial fiat.

While we are upholding the validity and specificity of the controlling statute, I feel that the trial court should be accorded the full opportunity, on remand, to reconsider this matter.

1. The offense was committed on April 19, 1980. Had it been committed on May 1, 1980, appellant would have come under the Minnesota Sentencing Guidelines. Under the Guidelines, as the majority notes, the presumptive sentence was 41 months, and thus the sentence the trial court imposed of 150 months was more than a triple upward durational departure.