Terry S. SHELLEY,
Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C1–87–614.

Court of Appeals of Minnesota.

Sept. 29, 1987.
Review Denied Nov. 24, 1987.

C. Paul Jones, State Public Defender, Bradford W. Colbert, Asst. State Public Defender, St. Paul, for Terry S. Shelley, petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Spec. Asst. Atty. Gen., St. Paul, Richard T. Jessen, Benton Co. Atty., Foley, for State of Minn., respondent.

Considered and decided by FOLEY, P.J., PARKER and SEDGWICK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

This is an appeal from the March 18, 1987 denial of appellant's petition for postconviction relief seeking resentencing under the Minnesota Sentencing Guidelines. We affirm.

## FACTS

In March 1980, appellant Terry S. Shelley and two accomplices shot and killed Leonard and Virginia Lezer.· Appellant and his accomplices first shot Leonard. They later returned to the scene and shot Virginia to eliminate witnesses. Appellant, who was 16 years old at the time of the shooting, was certified as an adult and charged with two counts of second degree murder in violation of Minn.Stat. § 609.19 (1980). As part of appellant's plea bargain, charges relating to his offenses committed prior to and after the Lezer murders were dismissed.

Appellant was sentenced to two concurrent, indeterminate sentences of 1–40 years. The matrix time for appellant's offense was 108 months; however, the Parole Board removed him from the matrix and assigned him an additional 96 months for a total incarceration period of 204 months.

In appellant's postconviction petition, he sought resentencing under the Minnesota Sentencing Guidelines to a presumptive sentence of 120 months or to a sentence with a limited departure of 90 months. Finding appellant had not sustained his burden of proving that his early release will not be a danger to the public or incompatible with the welfare of society, the postconviction court denied his petition.

## ISSUE

Did the postconviction court properly deny appellant's petition for resentencing under the Minnesota Sentencing Guidelines?

## ANALYSIS

█ Defendants convicted for crimes committed before the May 1, 1980 effective date of the Minnesota Sentencing Guidelines may petition for resentencing under the guidelines. Minn.Stat. § 590.01, subd. 3 (1984). Such relief may not be granted

> unless the court makes specific findings of fact that release of the petitioner prior to the time he or she would be released under the sentence currently being served *does not present a danger to the public and is not incompatible with the welfare of society.*

Minn.Stat. § 590.01, subd. 3 (emphasis added). The petitioner has the burden of proving that his or her early release will not be a danger to the public or incompatible with the welfare of society. *White v. State,* 400 N.W.2d 153, 155 (Minn.1987).

Generally, a reviewing court will not interfere with a postconviction court's denial of a petition to resentence

> at least in cases in which the petitioner is *serving a sentence for a violent offense* or has a record suggesting that he is

likely to engage in criminal conduct after his release.

*State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982) (emphasis added).

Minnesota appellate courts have consistently upheld a postconviction court's refusal to find the prerequisite standard for early release set forth in section 590.01, subd. 3. *See, e.g., Thiele v. State*, 326 N.W.2d 13, 14 (Minn.1982) (failure on probation and reluctance to participate in chemical dependency treatment as a condition of release); *Brown v. State*, 324 N.W.2d 920, 921 (Minn.1982) (violent nature of crime underlying second degree assault conviction, threatening conduct during participation in transitional program and loss of 27 days of good time while in prison); *Ward v. State*, 324 N.W.2d 649, 650 (Minn. 1982) (conviction for second felony offense and recidivism); *State v. Nelson*, 321 N.W.2d 393 (Minn.1982) (recidivism and apparent refusal to seek chemical dependency treatment); *State v. Kunshier*, 321 N.W.2d 393, 394–95 (Minn.1982) (violent nature of crime underlying kidnapping conviction, history of sexual deviancy and failure to cooperate in treatment for sexual deviancy); *Smith v. State*, 317 N.W.2d 366, 367 (Minn.1982) (aggravating circumstances present which would have justified increased sentence had guidelines been in effect). *Compare White v. State*, 400 N.W.2d 153, 155 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. March 25, 1987) (trial court's grant of petition seeking resentencing reversed when in view of defendant's history of violent crimes and violent nature of the offense underlying the correction, trial court was expressly "unable to make" requisite finding).

■ Appellant does not contest the seriousness of the crime for which he was convicted, but contends it is only one factor among several that demonstrate he is no longer a danger to the public. The State argues that *Champion* is controlling when, as here, the "petitioner is serving a sentence for a violent offense." 319 N.W.2d at 23. We agree.

Here, even if we were to utilize a factor approach, it would not compel the conclu-

sion that the postconviction court acted improperly in refusing to resentence under the guidelines. While appellant presented a strong case for his improved character, two psychological reports prepared by psychiatric experts at the request of the trial court to assess appellant's dangerousness to the public if released early could not give "a definite prediction of future dangerousness." Moreover, the trial court is not required to rely on psychiatric evidence. *Johnson v. State*, 331 N.W.2d 757, 758 (Minn.1983). In addition, the trial court found three aggravating factors present in the double murder, which likely would have supported a durational departure from the Minnesota Sentencing Guidelines.

## DECISION

Affirmed.